**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLINA LEE<br>1134 Limestone Street<br>Catasauqua, PA 18032<br><br>vs.<br><br>TOWER HEALTH  f/k/a<br>READING HEALTH SYSTEM<br>420 S. Fifth Avenue<br>West Reading, PA 19611<br>      and<br>TOWER HEALTH URGENT CARE, LLC<br>a/k/a TOWER HEALTH URGENT CARE<br>420 S. Fifth Avenue<br>West Reading, PA 19611 | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action<br>: Jury Trial Demanded<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. Plaintiff, Carolina Lee brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Race, National Origin and Retaliation, The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable Pennsylvania common law.  Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' discriminatory practices, retaliation, and other tortuous actions.

**II. JURISDICTION AND VENUE**

2. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).

3. Plaintiff has complied with all jurisdictional prerequisites including those set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

5. At all times material hereto, Tower Health f/k/a Reading Health System and Tower Health Urgent Care, LLC a/k/a Tower Health Urgent Care (hereinafter collectively referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

6. At all times material hereto, Defendants, employed more than 150 employees.

7. At all times material hereto, Defendants, were an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

8. At all times material hereto, Defendants, were an "employer" as defined by §4 of the Pennsylvania Human Relations Act, 43 P.S. §954.

9. At all times material hereto, Defendants, were an "employer" of Plaintiff as defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

10. At all times material hereto, the Defendants' discrimination occurred within the district of this Court, within the County of Montgomery.

## III. THE PARTIES

11. Claimant, Carolina Lee (hereinafter "Lee"), is an adult female, who is Hispanic.

12. Upon information and belief, Defendant, Tower Health f/k/a Reading Health Center operates Tower Health Urgent Care, LLC a/k/a Tower Health Urgent Care .

13. Upon information and belief, "Janine Murphy", a Caucasian female, was employed by Defendant as a manager/supervisor and at all times material hereto had the authority to discipline and terminate Lee.

14. At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendants', Urgent Care locations in Lansdale, Plymouth Meeting and Conshohocken.

## IV. FACTUAL BACKGROUND

15. In or about August, 2014, Lee was hired by the Defendants as a Licensed Practical Nurse/clinical nurse, for Defendants' Urgent Care facilities.

16. Lee worked at Defendants' urgent care facilities in Lansdale, Plymouth and Conshohocken, Montgomery County. Lee worked primarily at the Plymouth Meeting Urgent Care located at 580 W. Germantown Pike, Plymouth Meeting, PA 19462 and Lansdale Urgent Care located at 1551 S. Valley Forge Road, Lansdale, PA 19446.

17. Plaintiff was directly supervised by Janine Murphy, who bullied, harassed and mistreated Lee based upon her race, Hispanic.

18. Murphy singled out Lee on a number of occasions, including subjecting Lee to a written warning for a purported infraction that was not in violation of Defendants' policies, and for which other, non-Hispanic employees were not disciplined.

19. Murphy subjected Lee to a final written warning without cause.

20. Murphy often bullied and talked over Lee when Lee would attempt to resolve issues with Murphy.

21. On several occasions, Lee reported the harassing conduct of Murphy to Human

Resources, specifically to Sandee Burns and Andrea. However, no action was taken by Human Resources.

22. Lee also reported Murphy's harassing conduct to two other employees of the Defendants, Eurie Jones and Elizabeth Coyne. No action was taken.

23. Murphy also refused to provide a safe working environment for Lee, by sitting with Lee in an enclosed office space during the COVID-19 pandemic, refusing to wear a mask, and refusing to keep a social distance from Lee, simply stating "I'm immune, I had COVID already and I was vaccinated."

24. Upon information and belief, concerns were voiced about Murphy's leadership abilities by individuals other than Lee.

25. Murphy would often tell Lee that she should "get a job closer to home."

26. Lee often observed other, non-Hispanic staff members being held to a different standard by Murphy, while Lee was targeted and singled out by Murphy based upon her race.

27. Non-Hispanic employees, were treated in a manner more favorable than Lee.

28. At all times material hereto the harassment, hostile work environment, discrimination and termination to which Lee has been subjected was unwelcome, severe and unreasonably altered the condition of her employment.

29. Lee was constructively discharged from her employment, when she was forced to resign her position on February 20, 2021.

30. The aforementioned conduct of Defendants and its employees is materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*,

and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq*.

31. Notwithstanding, Plaintiff's complaints and clear indication to Defendants that Lee was harassed, bullied, discriminated against and subjected to a hostile work environment, Defendants took no action.

32. At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial, discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendants failed to follow any requirements of said policy.

34. As a direct and proximate result of Defendants' aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff has been subjected to pain and suffering, and a loss of enjoyment of life; and suffered severe emotional distress, embarrassment, humiliation and depression.

## COUNT I
### CAROLINA LEE V. TOWER HEALTH F/K/A READING HEALTH SYSTEM and TOWER HEALTH URGENT CARE, LLC a/k/a TOWER HEALTH URGENT CARE
<u>VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000 *et seq*</u>

35. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

36. The conduct of Defendants treatment of Plaintiff in her employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon her Race and National Origin.

WHEREFORE, Plaintiff, Carolina Lee, demands judgment against Defendants, Tower Health f/k/a Reading Health System and Tower Health Urgent Care, LLC a/k/a Tower Health Urgent Care including:

(a) A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b) equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial harassment and discrimination and retaliation in the workplace;

(c) equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial harassment and discrimination and retaliation;

(d) equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(e) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f) punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
### CAROLINA LEE V. TOWER HEALTH F/K/A READING HEALTH SYSTEM and TOWER HEALTH URGENT CARE, LLC a/k/a TOWER HEALTH URGENT CARE VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 951, ET SEQ.

37. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

38. The conduct of Defendants' treatment of Lee in her employment violated the Pennsylvania Human Relations Act 33 P.S. 951, *et seq*, as Lee's harassment, hostile work environment, retaliation and termination was based upon her Race.

39. Defendant's employment practices deprived Miller of equal employment opportunities and otherwise affected his status as an employee because of his race.

40. As a direct and proximate result of Defendants' actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Carolina Lee demands judgment against Defendants, Tower Health f/k/a Reading Health System and Tower Health Urgent Care, LLC a/k/a Tower Health Urgent Care, including:

(a) a declaration that Defendants' actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendants, to institute and enforce a

specific policy and procedure for investigating and preventing complaints;

  (d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

  (e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

  (f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

  (g) such other relief as this Court my deem appropriate under the circumstances.

      Respectfully submitted,

      SAFFREN & WEINBERG

      BY: _____
      MARC A. WEINBERG, ESQUIRE
      Pa. Atty. I.D. No.: 60643
      815 Greenwood Avenue, Suite 22
      Jenkintown, PA 19046
      (215) 576-0100
      mweinberg@saffwein.com

Dated: 1/30/2023